NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0381-15T4

MOHAMED ALI,

 Complainant-Appellant,

v.

DON'S BFF, LLC, d/b/a DON'S
BURGER and GHASSAN SARA,
Individually,

 Respondents-Respondents.

 Submitted December 14, 2016 – Decided March 3, 2017

 Before Judges Alvarez and Accurso.

 On appeal from the Division on Civil Rights,
 Docket No. EP24WB-63908.

 Mohamed Ali, appellant pro se.

 Christopher S. Porrino, Attorney General,
 attorney for respondent New Jersey Division
 on Civil Rights (Andrea M. Silkowitz,
 Assistant Attorney General, of counsel; Farng-
 Yi D. Foo, Deputy Attorney General, on the
 brief).

 Respondents Don's BFF, LLC, d/b/a Don's Burger
 and Ghassan Sara have not filed briefs.

PER CURIAM
 Mohamed Ali appeals from a July 23, 2015 final decision of

the Director of the New Jersey Division on Civil Rights (DCR)

awarding him $1000 as damages for sexual harassment. For the

reasons stated by the DCR in its written decision, we affirm.

 Appellant filed a complaint with the DCR alleging that Don's

BFF, LLC, d/b/a Don's Burger and Ghassan Sara violated the New

Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49,

by subjecting him to sexual harassment and religious

discrimination, and discharging him in retaliation for reporting

the conduct. Prior to the DCR completing its investigation, Ali

requested that the matter be transferred for a hearing to the

Office of Administrative Law (OAL) under the Administrative

Procedure Act, N.J.S.A. 52:14B-1 to -15, and the Uniform

Administrative Procedure Rules, N.J.A.C. 1:1-1.1 to -21.6.

 Ali, who was self-represented at the hearing, as he is on

appeal, presented two witnesses. The Administrative Law Judge

(ALJ) who heard the matter found in Ali's favor with respect to

the sexual harassment claim, recommending he be awarded $1000 as

compensation for his pain and suffering. The ALJ found that Ali

was inappropriately touched on the buttocks on two separate

occasions by Sara, who also cursed at him using culturally

offensive and sexually explicit foul language.

 2 A-0381-15T4
 However, the ALJ did not find that there was a basis to

conclude that a hostile work environment was created based on

religion. She opined that the remarks about which Ali testified

did not rise to that level. Furthermore, Ali left his job for

another, was not terminated, and therefore was not entitled to

back pay.

 The ALJ awarded $1000 as reasonable compensation for Ali's

pain and humiliation and imposed a $1000 statutory penalty. The

company and Sara were jointly and severally liable for payment.

 Ali appealed that decision, claiming he was entitled to $2

million in damages as a result of his employer's conduct. The DCR

"adopt[ed] and incorporate[d] by reference the ALJ's factual

findings and conclusions of law, the award of damages to [Ali],

and the statutory penalty."

 Our role in reviewing administrative agency decisions is

limited. In re Stallworth, 208 N.J. 182, 194 (2011). We affirm

such decisions when they are supported by the evidence, even if

we may question the wisdom of the decision or would have reached

a different result. Ibid. A "strong presumption of reasonableness

attaches to [an agency decision]." In re Carroll, 339 N.J. Super.

429, 437 (App. Div.) (citation omitted), certif. denied, 170 N.J.

85 (2001). An agency's factual findings are binding upon us when

supported by adequate, substantial, and credible evidence.

 3 A-0381-15T4
Stallworth, supra, 208 N.J. at 194. We reverse an agency's

decision only if we find it to be "arbitrary, capricious, or

unreasonable, or [] not supported by substantial credible evidence

in the record as a whole." Ibid. (alteration in original)

(citation omitted). The burden of establishing that agency action

is arbitrary, capricious, or unreasonable is on the appellant.

Bueno v. Bd. of Trs., 422 N.J. Super. 227, 234 (App. Div. 2011).

 In determining whether agency action is arbitrary,

capricious, or unreasonable, we ask if it violates express or

implied legislative policies, if the record contains substantial

evidence supporting the findings on which the agency based its

action, and whether in applying the legislative policies to the

facts, the agency erred in reaching a conclusion that could not

have been reasonably reached. Stallworth, supra, 208 N.J. at 194

(citing In re Carter, 191 N.J. 474, 482-83 (2007)).

 Other than his disagreement with the amount of the monetary

damage award, Ali does not identify any error. Our own review of

the record establishes that the DCR's decision was not arbitrary,

capricious, or unreasonable.

 N.J.S.A. 10:5-17 states that a "prevailing complainant" in

an action under the LAD "may recover damages to compensate [him]

for emotional distress caused by the activities found to be in

violation of [the LAD] to the same extent as is available in common

 4 A-0381-15T4
law tort actions." The statute provides no explicit guidance as

to the amount of damages that should be awarded to compensate a

plaintiff for emotional distress. However, this court has held

that "[i]n assessing emotional damages, no precise measurement can

be made between a monetary amount and the degree of one's physical

or mental suffering. Rather, the only method for evaluating

damages is to identify such an amount as reasonable persons

estimate to be fair compensation." Spragg v. Shore Care, 293 N.J.

Super. 33, 63 (App. Div. 1996) (citing Goss v. Am. Cyanamid Co.,

278 N.J. Super. 227, 240 (App. Div. 1994)).

 In this case, given the nature of the conduct at issue and

the burden which Ali bears to establish that the DCR's decision

was arbitrary, capricious, or unreasonable, we agree that the

ALJ's original assessment of damages, affirmed by the DCR, was

"fair compensation." See Spragg, supra, 293 N.J. Super. at 63.

Ali does not offer any reason the DCR erred legally or factually.

His complaint is that he disagrees with the amount of the award.

Ali's arguments do not warrant further discussion in a written

opinion. R. 2:11-3(e)(1)(E).

 Affirmed.

 5 A-0381-15T4